# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99-CR-30249-WDS |
| ) | |
| TWAINE JONES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on defendant's motion for clarification or to amend or correct (Doc. 126) the Court's Order of August 1, 2012 (*See* Order at Doc. 125). In that Order, the Court determined that the defendant was not eligible for a further reduction in his sentence pursuant to the amendments to the Sentencing Guidelines.

In his motion, petitioner contends that this Court misunderstood the premise of his motion and it did not grant him additional time to file a supplemental motion. The Court will, therefore, considere the motion for clarification or to alter or correct as part of the defendant's supplemental brief. In that pleading, the defendant notes that the Court did not fully consider the pleadings, that he did not have a proper time to appeal the Order and that the Court disregarded his pro se motions due to indifference. The Court has reviewed the pleadings, and finds that the defendant has not raised any new grounds, or claims which would support the Court's reconsideration of its prior Order.

After the motion to clarify was filed, the defendant filed an additional motion in which he seeks leave to file a second or successive petition under 18 U.S.C. § 2255 (Doc. 127). In that motion, the defendant does, however, not just seek leave to file a successive habeas petition, he also asserts that under the Fair Sentencing Act, and the recent Supreme Court decision of *Dorsey v.*

*United States*, 132 S.Ct. 759 (2011) he is entitled to review and a further reduction in his sentence. The Court will also consider these claims as part of the reconsideration of its ruling on his motion under §3582.

To the extent that he seeks a further reduction, defendant's reliance on *Dorsey,* for purposes of a review of his motion under §3582 and any entitlement to relief is unavailing. In recently applying *Dorsey,* the Seventh Circuit determined that *Dorsey* only applies to pre Fair Sentencing Act offenders who were sentenced after the effective date of the Act. *United States v. Robinson*, 2012 WL 3990741 \*2 (Sept. 7, 2012) (*quoting Dorsey*, 132 S.Ct. at 2335, "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."). Therefore, the defendant is not entitled to a further reduction under the Fair Sentencing Act because *Dorsey* does not apply to his case. He was sentenced in 2000, therefore, he does not fall within the relief offered under *Dorsey*.

To the extent that the defendant seeks leave to file a second or successive habeas petition to raise new issues in another petition under 28 U.S.C. §2255. The Court notes that only the Court of Appeals can grant the petitioner leave to file a second or successive habeas petition, and so his request must be **DENIED** by this Court. He is not, however, precluded from seeking leave from the Seventh Circuit to so proceed.

**IT IS SO ORDERED.**

**DATE: 05 October, 2012**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**